Matter of Burke v Livingston (2020 NY Slip Op 07882)





Matter of Burke v Livingston


2020 NY Slip Op 07882


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-06346
 (Docket Nos. V-241-18, V-242-18, V-243-18)

[*1]In the Matter of Lauren Burke, respondent,
v
Alex Livingston, appellant.


Salihah R. Denman, New York, NY, for appellant.
Strauss & Kallus PLLC,, Goshen, NY (Barbara J. Strauss of counsel), for respondent.
Lisa F. Colin, White Plains, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Putnam County (James T. Rooney, J.), dated April 19, 2019. The order, insofar as appealed from, in effect, denied, without a hearing, the father's application to preclude both parents from exposing the subject children to a significant other until the youngest child turns 18.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father, who were never married, have three children together, born in 2012, 2016, and 2017. In February 2018, the mother filed a petition, later amended, seeking sole legal and physical custody of the children. The father filed a petition seeking custody of the children.
The parties attended several court conferences at which they attempted to settle the matter prior to a hearing on the petitions. Although he did not seek such relief by way of his petition, at the time the parties were negotiating their settlement, the father raised the issue of the children's exposure to significant others, contending that neither party should expose the children to a significant other until the youngest child turns 18. The mother would not agree to that condition.
Ultimately, the parties entered into a stipulation of settlement resolving the mother's petition, which was so-ordered by the Family Court on February 5, 2019. Pursuant to the stipulation of settlement, the mother and the father agreed, inter alia, to share joint legal custody of the children, with physical custody to the mother, and at least once per week supervised parental access with the father. The parties expressly agreed in the stipulation of settlement that "[t]he issue of the children being in the presence of significant others is reserved for decision by the [c]ourt." The father's petition appears to have been dismissed.
Thereafter, with the Family Court's permission, the father submitted an affidavit in support of his application to preclude both parents from exposing the children to a significant other [*2]until the youngest child turns 18. The mother submitted an affidavit in which she opposed the father's application. The attorney for the children submitted an affidavit requesting that "each parent" be precluded "from having any party, with whom they share a significant/intimate relationship, from spending the night while the children are in residence."
In an order dated April 19, 2019, the Family Court, among other things, in effect, denied the father's application without conducting a hearing. The father appeals.
Under the circumstances of this case, including that the father did not allege in either his petition or in his affidavit in support of his application that the mother has a significant other in her life whose presence is negatively impacting the children or their relationship with him, or that she even has a significant other in her life, or one that is imminent, we agree with the Family Court's determination denying the father's overly broad application to preclude both parents from exposing the children to a significant other until the youngest child turns 18 without conducting a hearing (see generally Rosenberg v Rosenberg, 126 AD2d 537, 540-541). The father failed to make an evidentiary showing sufficient to warrant a hearing, as his application was based on speculation (see generally Matter of Abayomi v Guevara, 181 AD3d 589).
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court